**KUELLMER v KUELLMER, et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9984. Decided June 3, 1929

J. C. Logue, Esq., Cleveland, for plaintiff.
A. H. Martin, Esq., Cleveland, for defendants.

**VICKERY, PJ.**

Now assuming that the evidence upon this question is true, that he did accept this option, it seems to be the claim of counsel for the defendant Ward that this made him the owner of the property. We do not understand that any acceptance of an option has such drastic effect as to transfer the title to the property. It simply gives the acceptor of the option a right to comply with the terms of it, in order to have the property **transferred** to him. It surely does not give him the right to keep this property as his without performing or without offering to perform the terms that are on his side to be performed.

If we understand the contention of counsel for the defendant Ward, it is that he having accepted this option became the owner of the property and he having invested certain money, the amount of which is uncertain, he was entitled to get this money all back on an accounting; and so he asked for specific performance of this contract without tendering or offering to tender, but admitting frankly in court that he could not at this time; and judging from the evidence, he has never been in a position prior hereto to perform or carry out the terms on his part to be performed under this contract; and yet, he claims that, although he occupied this property between four and five years and received all the proceeds from the rooms that were rented out to his customers,—and the amount of the proceeds of those rooms was largely increased by reason of the added facilities by the addition of many rooms to the hotel,—I say, he has received all this money and has not paid the water rent, not paid the taxes, not paid the insurance, has not paid the owners, in other words, for the use of this property for a long period of time.

Now he was to rent this property at $125 a month and that together with the $1600 that they admit that one of these co-parceners paid into this property in re-fixing it, together with the accumulation of the taxes which he was to pay if he was the owner of this property and the water rent and the insurance, would more than eat up any equity that he might have in this property even if the proof was clear that he put in any large sum of money.

We think that the plaintiffs are entitled to the return of this property. We do not think that the defendant has shown any equities in his favor that would overbalance the amount that he should have paid for the use of this property. In other words, we think that the decree of the court below was proper in all respects and we will enter the same decree in this court.

Decree for plaintiffs, order see journal.

Sullivan and Levine, JJ, concur.